*595 OPINION.
Trammell :
The petitioner concedes that this case comes within the provisions of section 331 of the Revenue Act of 1918, but contends that it is entitled to include in its invested capital the amount of $90,000, representing the par value of the stock issued to Whitney for the Klaw & Erlanger franchise which was given to Whitney as a bonus for services or favors rendered by him over a period of 30 years, on the ground that that amount represented the cost to the previous owner. It is urged that the value of the franchise was presumably the value of the services, and that such value represented the cost of the franchise to Whitney. The evidence shows that Klaw & Erlanger considered that it was a valuable asset to them for Whitney to have their franchise. The evidence shows that it is the policy of Klaw & Erlanger to continue their franchises with the same individuals in each town. Whitney testified that the franchise wa.s handed down to him for practically the services rendered in the early days of the formation of the Klaw & Erlanger syndicate and because of his long and friendly association with Erlanger. He also stated that he regarded the franchise in the nature of a bonus for services or favors rendered over a period of 30 years. No evidence was offered to show the nature or the extent of the services rendered by Whitney or the value of such services. While Whitney might have regarded the lease as a bonus for past services or favors, Klaw & Erlanger might have regarded it otherwise and considered it to be an arrangement which would bring future favors, services and profits. From a consideration of all the evidence we are not convinced that the franchise was given to Whitney entirely for past services, but that other considerations entering into the transaction were the present advantages to be derived by Klaw & Erlanger, the future benefits which they expected, the custom of continuing franchises once given, and the long and friendly associations between Whitney and Erlanger. In view of this fact, we can not find that Whitney acquired the franchise for services or that the value of the franchise is represented by the services rendered. This being true; the franchise had no cost to Whitney within the meaning of section 331 which could be included in the petitioner’s invested capital.
Inasmuch as the petitioner admits in its brief that the lease cost Whitney nothing, and that it can not be included in invested capital under the provisions of section 331 of the Revenue Act of 1918, at any value, consideration of the action of the respondent in excluding this item from invested capital is unnecessary.
*596 The petitioner contends that if the value of the franchise does not represent its cost to Whitney, it is impossible to determine its exact cost and this would bring the petitioner within the provisions of section 327 (a), entitling it to the right of having its tax liability computed under the provisions of section 328.
It is also alleged that because of abnormalities in its income and invested capital for each of the years the petitioner’s profits tax for each year should be computed under the provisions of section 328.
From the evidence, we are satisfied that the lease and franchise acquired by the petitioner for stock were worth $140,000, the franchise being worth $90,000 and the lease $50,000. This amount is excluded from invested capital under section 331. In other words, all the petitioner’s assets which it acquired for stock were excluded from invested capital and its invested capital is based on only the amount of $10,000 which is represented by cash paid in. While the exclusion of any amount from invested capital by section 331 in and of itself does not create an abnormality under section 327, when such a large percentage of the value of assets acquired for stock is excluded, we think that the case is brought within the scope of section 327.
From a consideration of all the evidence, we are of the opinion that the stock issued by the petitioner for the franchise had a value of at least $90,000 at the time issued and that the stock issued for the lease had a value of at least $50,000 at the time of issuance. For each year the petitioner is entitled to deductions of $6,000 and $10,000 representing exhaustion of franchise and leasehold, respectively.
Reviewed by the Board.
Further “proceedings will be had under Rule 62 (c).